BítocKEmmoTTGH, J.
I think the decree should be affirmed. The appellant had no right to come into equity, *362 after his great laches in prosecuting his action of replevin. The excuse he alleges for his negligence, has no foundation. The attorney whom he employed at first, and who ordered the writ against Ginatt, applied to him to be released from jjjg engagement, and the appellant agreed that he might withdraw.
As to the decree for costs, I think that also right. The injunction was dissolved, except as to the sum of 71 dollars 66 cents, which the chancellor allowed as a good set-off against Ginatt’s judgment. That sum was composed of two judgments on magistrate’s warrants, which Donally had recovered against Ginatt, and for which he had taken him in execution, and of the jail fees for supporting Ginatt while in custody. The judgment of Ginatt against Donally and others on the replevin bond, was rendered in the circuit court after the two magistrate’s judgments were rendered, and after the jail expenses were incurred. If Donally had applied by motion to the circuit court, to allow him a credit, for the amount of the two judgments and the jail fees, on the execution which Ginatt might issue on his judgment against him, that court would have heard the application, and allowed the credit. There would have been, then, no necessity for his applying to a court of equity to allow him the set-offs, since he could have obtained them as well by. applying to the court of law. I do not mean to say, that the chancellor did not rightly allow them; at any rate, the appellee does not complain of it. But, surely, the allowance of these set-offs to the appellant, affords no reason why the costs of the suit in chancery should be thrown on the appellee, who has substantially prevailed in that court, and in this court.
Care,, J.
The decree should be affirmed. The statute 1 Rev. Code, ch. 113. § 23, 4, 5. pp. 451, 2. prescribes a particular mode in which a third person, claiming property dis-trained for rent, shall proceed to contest the right. Donally Sp Steele resorted to that mode; and it was their own gross neglect alone that prevented them from having a trial. For nineteen months, they seem wholly to have abandoned the *363 suit. They retained no attorney to prosecute it; for Mr. Wilson proves, very distinctly, that soon after ordering the writ, Donally, on his application, agreed that he might withdraw. On whom then could they depend? If negligence like this is to open the case to them, and raise up an equity in their favor, we must reverse the maxim, and say dormientibus non vigilanlibus curat lex. The decree was right for costs too. They would never have been incurred, but for the negligence of the plaintiffs; and it was the exercise of a sound discretion to make them pay them.
Cabell, J. concurred.
Tucker, P.
To what has been said by my brother Carr, in which I entirely concur, I wish only to add as to the costs,—that though, in general, if a party, plaintiff in injunction, succeeds in obtaining a perpetuation as to part, he is entitled to costs, and though this court may reverse for error in decreeing costs, though in all other respects the decree be affirmed (Ross v. Gordon, 2 Munf. 289.) yet where the party was under .no necessity of coming into equity to get his discounts allowed, he ought not to have costs. In this case, the discounts for which the injunction to Ginatt’s judgment is perpetuated, consisted, first, of two small magistrate’s judgments, on which Ginalt had been imprisoned by Donally, and on which lie swore out, surrendering as part of his schedule, this very demand against Donally on the replevin bond. By this act, these demands were set-off against each other, in effect, for the amount when recovered, must to the extent of the two magistrate’s judgments be paid over, or (which is the same thing) allowed to Donally in part payment of Ginatt’s judgment. Secondly, the set-off of 35 dollars, balance allowed for the prison fees, could not entitle the appellant to the costs of this suit in equity, because he asked for no such set-off in the bill. It has been allowed him without being demanded, and he has, therefore, more reason to be thankful than to complain.
Decree affirmed.